UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10472-RWZ

SHAWN AGARD

v.

DEUTSCHE BANK NATIONAL TRUST CO. and
AMERICAN HOME MORTGAGE SERVICING, INC.

MEMORANDUM OF DECISION

October 2, 2012

ZOBEL, D.J.

Pro se plaintiff Shawn Agard brings this action seeking injunctive and declaratory relief, as well as damages, against defendants Deutsche Bank National Trust Company, as Trustee for Agent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2003-W8 ("Deutsche Bank")[1] and American Home Mortgage Servicing, Inc. ("AHMSI"), in connection with the foreclosure of his residence. The complaint is in four counts: (I) fraud; (II) unfair and deceptive acts and practices in violation of the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A; (III) breach of contract; and (IV) intentional infliction of emotional distress. Defendants have moved to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

**I. Background[2]**

---

[1] Deutsche Bank is named in the caption as "Deutsche Bank National Trust Co."

[2] The facts are drawn from plaintiff's complaint, as well as the mortgage agreement and assignment of mortgage submitted by defendants as exhibits to their motion to dismiss. Since the complaint's factual allegations are expressly linked to both documents, and plaintiff has not challenged the authenticity of either, the court may review them in its decision. Beddall v. State Street Bank and

On October 7, 2003, plaintiff secured a $340,000.00 mortgage from Argent Mortgage, LLC ("Argent"), on his property located at 30 Centre Street, Dorchester, Massachusetts (the "Property"). The mortgage was recorded in the Suffolk County Registry of Deeds on October 15, 2003.

Plaintiff defaulted on his loan and entered into a forbearance agreement with Argent in 2007. He claims Argent did not act in good faith in tendering that agreement because it knew he would be unable to comply with its terms. Plaintiff also asserts that he could not communicate with Argent or its successors from 2007 to 2009 since Argent either changed its servicer or assigned the loan without informing him.

On February 7, 2008, Argent assigned the mortgage to Deutsche Bank. On December 4, 2009, plaintiff entered into a loan modification agreement[3] with Deutsche Bank which set forth a schedule of monthly payments and increased the principal balance of the loan from $331,293.56 to $443,562.98. Plaintiff alleges that after he made an initial monthly payment for February 2010, Deutsche Bank then demanded additional payment of $20,000.00 "or otherwise Deutsche would cancel the modification agreement." Plaintiff made the payment, despite believing that it was not required by the modification agreement, and now claims that Deutsche Bank's demand constitutes an unfair and deceptive business practice.

Plaintiff also contends that he has paid $207,453.88 to Argent and its assigns

---

Trust Co., 137 F. 3d 12, 16-17 (1st Cir. 1998).

[3] The record is unclear regarding the terms of the alleged loan modification agreement, and the only evidence of its existence is an unsigned copy that plaintiff submitted to Suffolk Superior Court in connection with a request for reconsideration of his ex parte motion for a temporary restraining order.

2

without significant principal reduction and that Deutsche Bank has failed provide him with an accurate accounting of his loan.  He accuses Deutsche Bank of deliberately failing "to inform Agard of the various changes in ownership of the mortgage, and of the many rate increases during the same period."  Plaintiff further alleges that from November 7, 2011 onward, he has received daily harassing phone calls from defendant AHMSI, the servicer for the mortgage, demanding payment in full.  Finally, plaintiff asserts that he "reached out again to [AHMSI] at defendants [sic] suggestion to effectuate a modification, but to no avail."

Plaintiff is currently in default of the mortgage and Deutsche Bank has instituted foreclosure proceedings on the Property.  In response, plaintiff filed this action against defendants in Suffolk Superior Court on February 1, 2012, and sought a preliminary and permanent injunction to prevent foreclosure.  After a hearing, that court declined to issue a temporary restraining order.  Defendants removed the case to this court on diversity grounds and immediately moved to dismiss the complaint.[4]

**II. Legal Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Plausibility "is not akin to a probability requirement, but [requires] more than a sheer possibility ...."  Id.  Thus, "[a] pleading that offers

---

[4] Plaintiff filed a Motion Objecting to the Removal of the case on "fairness and equity" grounds (Docket # 6).  Plaintiff neither identifies any defects in the removal process nor presents any legal argument for why removal is inappropriate in this case.  The court finds removal was timely, 28 U.S.C. § 1441, and properly based on diversity jurisdiction, 28 U.S.C. § 1332, and thus denies plaintiff's motion.

'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. The inquiry is limited to the facts alleged in the complaint, incorporated into the complaint, or susceptible to judicial notice. In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 15 (1st Cir. 2003).

### III. Analysis

#### A. Fraud (Count I)

Count I of the complaint, titled simply "Claims for Relief," alleges that defendants "knowingly, intentionally and falsely assured the Plaintiff that they would not initiate foreclosure proceedings during the pendency of modification discussions," that "[e]ach of these fraudulent representations and omissions were made for the purpose of inducing Plaintiff to rely thereon to his detriment," and that plaintiff "reasonably relied upon these fraudulent representations and omissions to his detriment."

The court will assume plaintiff meant to style Count I as a fraud claim. Even so, plaintiff fails to satisfy the heightened pleading requirements of Rule 9, which states that fraud claims must be pled "with particularity." Fed. R. Civ. P. 9(b). A complaint claiming fraud must detail "the time, place, and content of an alleged fraudulent statement." McGinty v. Beranger Volkswagen, Inc., 633 F.2d 226, 228 (1st Cir. 1980); see also Varney v. R.J. Reynolds Tobacco Co., 118 F.Supp.2d 63, 68 (D. Mass. 2000) (to allege fraud, "the plaintiff must at least tell who said (or failed to say) what, when, and where"). "[M]ere allegations of fraud ... averments to conditions of mind, or referrals to plans and schemes are too conclusional to satisfy the particularity requirement, no matter how many times such accusations are repeated." Hayduk v.

Lanna, 775 F.2d 441, 444 (1st Cir.1985)

Here, the complaint makes general allegations of fraudulent conduct by defendants in foreclosing on the Property, but fails to identify specific fraudulent statements made by either defendant as well as when and where any such statements were made. Therefore, plaintiff has not pled fraud with the particularity required by Rule 9(b), and the motion to dismiss is allowed as to Count I.

To the extent Count I alleges that defendants "were negligent in initiating foreclosure proceedings, when they had promised Plaintiff no such proceedings would occur during their modification discussions," it also fails.  The mere use of the term "negligent," without more, is insufficient to support a negligence claim.  See Wenzel v. Sand Canyon Corp., 841 F.Supp.2d 463, 484 n.24 (D. Mass. 2012) (citing Iqbal, 556 U.S. at 678).  Moreover, under Massachusetts law, to prevail on a claim of negligence, "a plaintiff must prove that the defendant owed the plaintiff a duty of reasonable care, that the defendant breached this duty, that damage resulted, and that there was a causal relation between the breach of the duty and the damage." Id. at 484 (citation omitted).  Plaintiff does not allege that defendants owed him a duty of care, and indeed "a lender owes no duty of care to a borrower." Id.  As a negligence claim, Count I is dismissed.

### B. Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A (Count II)

Count II charges that defendants engaged in unfair and deceptive acts and practices in violation of the Massachusetts Consumer Protection Act, Mass. Gen. Laws

ch. 93A.  Chapter 93A requires plaintiffs to serve a written demand letter on prospective defendants at least thirty days prior to filing an action.  Mass. Gen. Laws ch. 93A § 9(3).  The demand letter is "not merely a procedural nicety, but, rather, a 'prerequisite to the suit'" and must be alleged in the plaintiff's complaint."  Rodi v. S. New England Sch. of Law, 389 F.3d 5, 19 (1st Cir. 2004) (citation omitted).  The complaint in this case does not allege that plaintiff served a demand letter on defendants, nor does it claim any exception to the demand requirement under the statute.  This procedural defect is sufficient ground to justify dismissal of the Chapter 93A claim.  Id.; Peterson v. GMAC Mortg., LLC, No. 11-11115-RWZ, 2011 WL 5075613, at *5 (D. Mass. Oct. 25, 2011).

### C. Breach of Contract (Count III)

Count III alleges breach of contract and, relatedly, breach of the covenant of good faith and fair dealing.  To state a claim for breach of contract, plaintiff must allege that he had an agreement with defendants supported by valid consideration; plaintiff has been ready, willing, and able to perform; defendants' breach has prevented him from performing; and he has suffered damages.  Singarella v. City of Boston, 173 N.E.2d 290, 291 (Mass. 1961) (citations omitted).  Under this standard, a plaintiff "must do more than allege, in conclusory fashion, that the defendant breached the contract, by describing, with 'substantial certainty,' the specific contractual promise the defendant failed to keep."  Brooks v. AIG SunAmerica Life Assur. Co., 480 F.3d 579, 586 (1st Cir. 2007).

Plaintiff has not met this standard.  He merely asserts that he had "contractual

relationships with each of the Defendants" without identifying the contracts at issue, much less the "specific contractual promise" defendants failed to keep.  Even if the court assumes plaintiff is referring to the mortgage or modification agreements, the complaint does not describe the terms of either agreement, how the alleged conduct of defendants constituted a breach of either, or the damages plaintiff incurred as a result.

Count III also alleges breach of the implied covenant of good faith and fair dealing.  "The covenant of good faith and fair dealing requires that neither party shall do anything that will have the effect of destroying or injuring the right of the other party to its fruits of the contract."  T.W. Nickerson, Inc. v. Fleet Nat'l Bank, 924 N.E.2d 696, 704 (Mass. 2010) (citation omitted).  "In the lender-borrower context, the implied covenant 'would require that [a defendant] be honest in its dealings with [plaintiff] and that it not purposefully injure [his] right to obtain the benefit of the contract.'"  FAMM Steel, Inc. v. Sovereign Bank, 571 F.3d 93, 100 (1st Cir. 2009) (quoting Shawmut Bank, N.A. v. Wayman, 606 N.E.2d 925, 928 (Mass. App. Ct. 1993)).  The covenant, however, "may not be invoked to create rights and duties not otherwise provided for in the existing contractual relationship."  Uno Restaurants, Inc. v. Boston Kenmore Realty Corp., 805 N.E.2d 957, 964 (Mass. 2004).

Even supposing that contracts do exist between plaintiff and defendants, the complaint does not specify what conduct plaintiff believes has violated the covenant or how such conduct interfered with his ability to benefit from the parties' agreements.  Count III asserts only that "[e]ach of the Defendants has breached the covenant of good faith and fair dealing" -- precisely the kind of "threadbare recital[]" and "mere

7

conclusory statement[]" deemed insufficient to state a claim. Iqbal, 556 U.S. at 678.

To the extent the claim rests on the forbearance agreement tendered by Argent or on Argent's failure to communicate with him for two years, plaintiff fails to allege any basis on which defendants could be held liable for the conduct of Argent, the predecessor mortgagee. Nor can plaintiff build a claim on defendants' refusal to enter into another loan modification or stay foreclosure proceedings, since the complaint does not allege that defendants were obligated by any contract to do either. See Speleos v. BAC Home Loans Servicing, L.P., 755 F.Supp.2d 304, 312 (D. Mass 2010) (dismissing claim for breach of covenant of good faith and fair dealing where plaintiffs had not alleged breach of any specific provision in the mortgage or note contracts, and defendants lacked any obligation in the contracts to modify the loan). As for his numerous other allegations against defendants, plaintiff does not claim that defendants acted dishonestly or with intent to injure him purposefully, nor does he describe what "fruits of the contract" he lost as a result.

As such, the complaint fails to establish a claim for breach of contract and covenant of good faith and fair dealing, and Count III is dismissed.

### D.  Intentional Infliction of Emotional Distress (Count IV)

Finally, Count IV alleges that defendants' conduct caused plaintiff severe emotional distress. For a claim of intentional infliction of emotional distress, a plaintiff must show:

> (1) that the [defendant] intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous, was beyond all possible

bounds of decency and was utterly intolerable in a civilized community; (3) that the actions of the defendant were the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe and of a nature that no reasonable man could be expected to endure it.

Limone v. United States, 579 F.3d 79, 94 (1st Cir. 2009) (quoting Agis v. Howard Johnson Co., 355 N.E.2d 315, 318 (Mass. 1976)).

The complaint is fatally defective because it sets forth no facts to show that defendants intended to cause plaintiff emotional distress and because the conduct alleged does not rise to the level of "extreme and outrageous."

The motion to dismiss Count IV is allowed.

## IV.  CONCLUSION

Defendants' motion to dismiss (Docket # 4) is ALLOWED as to all counts. Judgment may be entered dismissing the complaint.


    October 2, 2012                                   /s/Rya W. Zobel
          DATE                                             RYA W. ZOBEL
                                                        UNITED STATES DISTRICT JUDGE